Case number 17-5225, Electronic Privacy Information Center Appellant v. Internal Revenue Service. Mr. Davidson for the Appellant, Mr. Murray for the Appellant. Thank you. Thank you. Thank you. Good morning. Good morning. May it please the Court, John Davidson for the Appellant, Epic. With me at council table are Mark Rotenberg and Alan Butler. I'd like to reserve one minute of my time, please, for rebuttal. Your Honors, in February of 2016, the future President of the United States went on national television and stated repeatedly that the IRS targets him for audits on the basis of his political views and his religious affiliation. The IRS swiftly denied that the agency would ever do such a thing, but the accusation was never withdrawn. In January of 2017, the President-elect went on Twitter and told tens of millions of followers that he had no sources of Russian income and no financial entanglements with Russia. This claim was swiftly refuted by his own attorneys, who explained after reviewing his returns  These apparent misstatements of the fact by the President of the United States impugn the credibility of the IRS and call into doubt the ability of the agency to fairly administer the tax code, yet the President has never corrected the record. The IRS has the ability to correct that record, and it may do so under 6103k3 of the Internal Revenue Code. EPIC's FOIA request seeks exactly this type of record and seeks the IRS to use exactly this type of disclosure power. Because EPIC has perfected its request, a request that conforms in every respect with the published FOIA regulations, and because EPIC has set forth extensive facts justifying the use of this k3 disclosure power, the IRS is obligated to issue a determination on that request and to sustain that request in de novo judicial review. If ever there were a situation that justified the use of k3, this is it. And we ask the Court to reverse the decision of the District Court and remand for further proceedings so that the IRS can fulfill its FOIA processing obligations. I thought your position here was narrower than that, and that is that they treated your FOIA request as not perfected and just refused to process it. And so really the only thing before us is whether this was, as you've argued, is that true that it made it a perfected FOIA request? And then they had to bear the burden of coming forward and showing that they have an Exemption 3 statute, which they just haven't yet done. Do we have to even get to that latter question, whether Exemption 3 would or would not properly be invoked here, notwithstanding the k3 provision? Because they didn't seem to go that far, did they? No, Your Honor. In fact, and that's precisely the concern that we raise in this appeal, is that the IRS did not even begin the FOIA process. It is required to make that determination. So you're correct. Well, I don't mean by begin it. They may not. If they persuade that 6103 is an Exemption 3 statute, which in many ways it is, it's just we have to figure out what to do with k3, then they don't have to search for records or do any of that kind of stuff. The question is just who had the burden of showing that k3 does or does not take them out of Exemption 3. Isn't that the only thing before us? Well, yes, but to push back slightly, it is an Exemption 3 statute, 6103 we agree, but it's a statute that includes not only a general presumption of confidentiality, but also a number of different exceptions that permit disclosure. No, but all of the other exceptions are to other governmental entities for governmental purposes. Am I correct? No, that's not correct, Your Honor. And then to a taxpayer who asks for it. There are a number of other exceptions also. What other ones are you pointing to? Well, 6103E lists a number of different circumstances under which records concerning a taxpayer can be disclosed to a person with a material interest in those records. So, for example, 6103E3 talks about disclosure to the executor of an estate. Right, so those are all people who have legal claims to that same taxpayer's information. I'm talking about either to the taxpayer, taxpayer's legal surrogate, or to governmental entities for state or federal, for public purposes. Is there anything in 6103 that otherwise, other than your arguments about K3, that allows disclosure to the general public? I can point to three provisions. One is 6103K1 that requires the disclosure of accepted offers in compromise to the public at large. 6103M1, which contemplates disclosure of certain information about a taxpayer to the media, where there are unclean funds that the taxpayer has paid to the IRS, and the IRS is unable to locate that person. And then in the very next section of the Internal Revenue Code 6104, the tax return information, certain tax return information, concerning tax exempt organizations is also subject to mandatory disclosure. So there are, in fact, numerous circumstances in the tax code where disclosure is possible to a third party, even though there has not been a proof of consent. Can I ask you something that's outside the record, but it occurred to me in preparing for this case? Are the financial disclosure forms that the executive branch has to fill out, just like we do, and ours are a matter of public record, are they not, or do you know? Are they a matter of public record? Yes. I mean, can't you get some of this information from the financial disclosure forms that we're required to? I don't believe, I don't know the answer for certain. I don't believe the particular sources and amounts of income that would be reflected on an income tax return are necessarily available through financial disclosures. Then they're a lot different from ours, but you may be right about that. I admit I don't know, Your Honor. I'm not familiar with that statute. I'd like to turn first to the fact that the, to describe in more detail why it is that EPIC perfected its FOIA request and why the agency must therefore issue a determination. We have complied with all of the published rules that would apply to a K-3 FOIA request, and the one published rule that the IRS has pointed to and argued that bars processing of a request requires proof of consent as appropriate, and this rule does not operate as a bar to the processing of EPIC's request for three reasons. The first is what the agency says on page 25 of its brief, and that is that this provision implements 6103C. This is not a request for the disclosure of records under 6103C. The agency has no authority to apply this regulation implementing a different disclosure provision to this particular disclosure, this particular request. The second point is that even if that regulation could be said to apply to this request, it only requires proof of consent as appropriate. In other words, as appropriate as this Court has made clear in Consumer Federation v. HHS, when they are included in a statute or a regulation, they mean something. They mean only to the extent appropriate. So it would be definitively not appropriate to require proof of consent where that proof of consent will have no bearing on the agency's determination of whether the records are exempt or will be released, and that is the case here in K-3. And that would be the case, as I indicated earlier, for a number of different disclosure provisions, including 6103E, which permits disclosure based on demonstration of a material interest but does not require proof of consent, 6103K1, 6103M1, 6104, and so forth. Can I ask you about something in your addendum on page 41? Apparently this is the only thing in the record that indicates when the IRS used K-3, and it was back in 2000. Yes. And K-3, because leaving aside who can seek the disclosure, I'm wondering about to whom the disclosure is made. And on that one instance, ten disclosures were made to Federal agencies. Yes, Your Honor. Under K-3. It is not entirely clear from the record, I think, whether the disclosures were made for Federal agencies or on behalf of Federal agencies. But there's also two. In other words, I read disclosure two or four to mean those are the entities to which the IRS discloses something under K-3. But I think the presence of the word for suggests that it might be also for whom the agency made the disclosure. So Federal agencies could be the IRS defending itself by making K-3 disclosures, which is directly the core purpose of K-3. Okay. And then there are other ones that go to prospective jurors and so forth. But looking just at K-3, it looks as if the record indicates that the ten times that the IRS used K-3, it was never to disclose it to the public. Unfortunately, because of the imprecision of this document, I don't know for sure to whom or for whom the record disclosure was made. Well, it says Federal agencies. Well, but that could also, as I say, it could mean for Federal agencies. It could mean for the IRS. It's not – and I'll explain to provide some context. We don't know the exact circumstances of those disclosures. We attempted to obtain records about them. The timing suggests that they were related to the concerns raised by Commissioner Richardson in 1998, that there were being – there were false statements being made about the IRS's treatment of certain tax-exempt organizations. And it appears that there was a report that came out from the Joint Committee on Taxation in the year 2000 that analyzed those questions. And then these disclosures came in 2000. So it's our belief that they were probably connected. We don't have definitive proof of that. Again, we've tried to obtain it. As a second point, the Court, once the IRS makes a determination on EPIC's request, would have power to review and, in fact, would be required to review that determination in de novo FOIA review. The IRS has suggested otherwise and has put that forward as a basis for why processing would not even be required. But the Court was clear in Church of Scientology that determinations made under 6103 as an Exemption 3 statute are reviewable de novo by the Court, and that includes something like 6103C. That was the provision at issue in Church of Scientology. That is also a discretionary disclosure provision like K3. And yet the Court was clear that the district court on remand would have to review that in de novo FOIA review. Another point, the IRS has suggested that Exemption 3 categorically bars these records, the availability of these records to EPIC. The problem is, as I indicated earlier, the IRS hasn't finished applying the criteria of 6103. There is, indeed, a presumption of confidentiality in 6103A, but there are also relevant exceptions, and K3 being the one that EPIC has relied on here. The K3 criteria, the agency has been clear that it's never actually applied those criteria to the requested records or even to the requested categories of records that EPIC seeks. It states that on page 56 of its brief. It hasn't made a discretionary determination. It hasn't made the factual determinations that would enter into a discretionary determination. So isn't there the first legal question, just a question as a matter of law, whether 6103K3 is an, I hate to say it, an exemption to the exemption, right? You have the Exemption 3 statute, 6103. Yes. Presumption, pretty strong, pretty strong one. We agree. Certainly as to public release. And then your theory is that K3 takes some of the air out of that. Yes. And that's, is that something that falls within their burden to demonstrate in the first instance? Or since you said it's de novo review, do we just decide now, whether you're right or they're right, that K3 creates a right to public disclosure of records? Is that just a question of law we're supposed to decide right now? Or do we, given their perfection ruling, need to remand for them to take a position on K3 in the first instance? Your Honor, we believe remand is appropriate here because in the IRS, it is the IRS that has tried to push forward this issue of whether Exemption 3 actually applies and whether K3 actually applies. But the Court does not have to reach that issue today. But you just said it's de novo review. That's why I'm trying to reconcile your two positions. So the Court explained in Railroad Workers that it is for the agency in the first instance to make an Exemption 3 determination and that it is for the Court to review it. And Church of Scientology indicates that in the 6103 context, that review would be de novo. So the agency has an obligation that it has not yet fulfilled, and that it must sustain any determination that it makes and any withholdings that it asserts on the basis of an affidavit, which it has not provided here. And then that would be submitted to the Court for de novo review. It doesn't have to be an affidavit. We have there determination letters. That could be enough, could it not? Well, Your Honor, they have been clear. They say in the Michael Young declaration from the district court proceedings that that's not a determination. It's a letter that rejects processing of the request, but it is not a determination letter. They have not identified it. Well, they have a line that says K3 doesn't create rights. They do, yes. In the second appeal letter, I guess, it says K3 doesn't create rights. Is that a determination of the meaning of the statute? You're saying it's not? That's what I'm trying to wrestle with. Well, I think that represents an attempt by the agency to categorically remove K3 from the reach of a FOIA request. Wait a minute. That would be a legal determination as to what 603K means. I think it would not meet the requirements of a determination because it does not assess whether the criteria of K3 have been met. It simply says the provision is not accessible. No, because it takes a legal— Your position is that the only way K3 cannot apply is if they march through the criteria. Yes. As I take it from that one little line in the appeal letter, but it's not much elaboration, they read K3 as it's not for you. There's nothing here that says the public has a right to information. This is a right for the secretary to make a decision. But there's no public right here. So it doesn't take anything out of the overarching 6103 Exemption 3 status. We could have a different discussion if you came under K1 or M1, but that's not where we are. And K3 doesn't undo the Exemption 3 status that generally governs tax returns under 6103. I think that's their position from that line in the letter, but they'll tell me if I'm wrong. So we don't need to go through steps. These aren't your steps. These steps don't give the public a right to information. So I would push back on that on several fronts. I see my time has expired, but if I may. I would say that, first of all, the court and Church of Scientology discussed at length how FOIA and 6103 are interlocking statutes. FOIA creates the procedures that the agency must follow when it receives a conforming request. 6103 establishes the substantive criteria for withholding a disclosure. So when a FOIA requester seeks records under the FOIA, the agency must sustain any determination made under 6103 in de novo FOIA review. The second point is that the court, in reaching that holding, actually singled out K3 as one of the provisions in the statute that concerns disclosure to the public at large. So it is true that the K3 provision does protect the interests of the IRS, but it does that by assuring that, in the right circumstances, the public will have access to accurate information to correct damaging misstatements of fact made about the IRS. So I think I would disagree fully with the characterization that it is not accessible to a FOIA requester or to EPIC in this request. The IRS has suggested that if the agency, I should say, if the court were to find favorably for EPIC, that would create an administrative burden for them. But I would say that there is nothing in the record to support this conclusion. There is no evidence. As we know, the K3 provision has only been discussed a small handful of times by the agency. And as we are aware of no FOIA request that has invoked this provision prior to today, there is nothing to suggest that the K3 power would be invoked by a flood of FOIA requesters. And indeed, if the IRS is concerned about such an eventuality, it has the power, as it has had for 40 years, to implement K3 through appropriate FOIA regulations. It hasn't done that. And it cannot deny processing of EPIC's request on the basis of a rule that is not published that would be unreasonable as applied to this request and that it is essentially made up on the fly. If there are no further questions. Mr. Murray. Good morning, Your Honors, and may it please the Court. Michael Murray for the United States. The District Court properly dismissed EPIC's complaint in this case. EPIC did not perfect its FOIA request and thus did not exhaust its administrative remedies because it did not show entitlement to the records that it requested as required by IRS regulations. It did not provide the taxpayers' consent, and its invocation of 6103 K3 is unavailing for three reasons. First, 6103 K3 does not establish a right to disclosure that can be triggered by private parties. Second, it is not... Where did the agency decide that? Say again? Where did the agency decide that? In the sentence that you referred to in the second request when EPIC raised 6103 for the first time. So reading that sentence in combination with the sentence that follows it, which discusses how the requester must establish his right to the information, it is clear that the IRS concluded that EPIC did not have a right to the information under either C or K3. The difficulty is, and it's right where you started with the reasoning which completely surrounds that one sentence, that this was not a perfected FOIA request. And what difficulty is, it seems like the IRS is collapsing the requirements for a perfected FOIA request with winning, establishing on the merits their position on Exemption 3. And that seems to shift the burden. It's not... They're not within an exemption. It's not... There's no Exemption 3 problem. Provide the consent. Prove us on K3. Rather than the one thing we've said time and time again is that 6103 goes to the same FOIA statute. And so when you get a FOIA request that says I would like documents, the answer isn't show us why you're not in Exemption 3. If everything else is fine with the FOIA request, the burden is then on the government to say no, Exemption 3 applies. And that didn't seem to happen here. I'm not sure that's exactly right, Your Honor. It seems quite reasonable for the IRS and the Treasury Department to establish as a regulation under FOIA that in order to perfect a FOIA request, an individual has to establish some sort of right to the information before the IRS is going to go out and search for records to determine... FOIA is the source of the right to information unless an exemption applies. They don't need another source of a right. FOIA is the source unless an exemption applies. That's what FOIA says. And then the burden to show the exemption is on the government. So you can't make them show that they are outside an exemption. They say I'd like documents, and then the burden's on the government to say an exemption applies. This seems to have inverted that. That's all. It's just a procedural problem. I agree with you that there's a procedural issue here, Your Honor. And I think the way to look at it is that FOIA also requires requesters to comply with the agency's reasonable procedural regulations. And it is quite reasonable for IRS to require that an individual establish their right to the information before requiring IRS to go... What do you mean by their right to the information? Do they have to show that this particular request is one of the exceptions to the bar on disclosure that was identified in Church of Scientology? Or do they have to do more? Do they have to establish their legal position is correct on their view of what that exemption is, how that exemption works? So maybe the best example is the 6103C context. So if that were the source of a particular plaintiff's right to the particular information at issue, maybe they would need to attach some sort of consent authorization from the relevant taxpayer. And that would be part of their FOIA request. But you're trying to apply that here. There's no requirement for consent of a taxpayer under K-3. It would be ludicrous to require consent of the taxpayer under K-3. It's not in the statute. It would make no sense since the whole point is for the Secretary to be able to disclose information when some taxpayer or even a third party is causing problems out there with their false statements. So there can't be a consent requirement for K-3. Sure. So let's take a different example so we don't get confused here between C and K-3. Let's take M, for example, which is the media exemption for lost taxpayers. In the Aronson case, what the First Circuit required was the individual to establish that they were in fact a member of the media, that they were not in that case. And so the First Circuit decided that the IRS did not need to process the, did not need to do anything with the FOIA request, did not need to search for the records, produce the records in any way, decide whether the records existed, possibly redact or segregate the records. It was able to cut it off as a legal determination. I get that. But our circuit has been quite clear about that ordinary FOIA processing is what applies even under 6103. So I'm trying to understand how you can conceptualize their burden under K-3. If they don't, what they don't have to do is show that the exemption 3 doesn't apply. You would agree with that. Under FOIA, people can ask for records and they don't have to include in their request exemption 1 doesn't apply, exemption 2 doesn't apply, exemption 3 doesn't apply. They don't have to do that. They just say, I'd like these documents. Correct? That's a perfected FOIA request. I'd like these documents. Generally speaking, although not in this context because the agency has established a reasonable regulation requiring the plaintiff to establish some right, which makes a lot of sense. Well, reasonable regulation may be for C-3. I don't know. What reasonable regulation do you have that governs K-3? There's an across-the-board regulation that requires the FOIA requester to establish his right to the information. And that's 706. Well, then that's the very problem here, right? Have we held that that regulation is reasonable in the FOIA context? I'm not aware. No. I don't think it's been cited. It's been held in a particular case where I could be wrong, and I'll check that. But the question as to whether it is a reasonable regulation, I think the answer to that is yes, it is quite reasonable. Well, if you dropped a regulation, which, by the way, this is nowhere in the determination letter, right? No, Your Honor. This regulation applies to K-3? Your Honor, the letter, the second letter, which talks about K-3, also cites the regulation saying that a person needs to establish their right to the information. And if they say my right's under FOIA? I'm sorry? They say my right to this information is FOIA. FOIA gives me a right to request information from the government unless the government shows it's exempted. That would not be correct because FOIA does not just give them a general right to the information because FOIA Exemption 3 says that FOIA disclosure's requirement is not applicable when the material is forbidden from disclosure by another statute. But who has the burden of showing that? Who has the burden of showing that material is forbidden to be disclosed? Your Honor, in Aronson, the court — Who under the statute has the burden of showing? And who under Church of Scientology has the burden of showing that Exemption 3 applies? First of all, Your Honor, I think in this case it doesn't matter because it's a legal issue. But regardless, what the courts have held in the District Court, say, in Goldstein, or the court in Aronson, held that it is the plaintiff who has the burden of showing that the particular information that he is seeking is eligible for a release. And the plaintiff has not shown that here. So if your FOIA regulation said anybody who requests to have a perfected FOIA request, you must show not only that you're seeking records that fall within the definition under FOIA, but you must also disprove the application of an Exemption 3 statute. That would be perfectly fine? Your Honor, there's probably a limit to what can be a reasonable regulation, but the idea that an individual needs to establish some right to the information is quite reasonable. But you're saying – the problem is you're saying the way they didn't show their right is they did not disprove Exemption 3. That's what your regulation, as you're telling me now, says. The reason they didn't have a perfected FOIA request is they did not disprove that Exemption 3 applies. That is true in some sense, Your Honor, but – That's true exactly. That's exactly what your argument is. But I don't see what the problem with that is. That is a reasonable regulation under FOIA to prevent the agency from – To say that you have to disprove as part of your FOIA request that Exemption 3 applies. I think it's quite reasonable for the agency to do what it did here, which is to require some – My question is if the regulation said, in addition to establishing that the records fee requests fall within the parameters of FOIA, you must disprove that Exemption 3 applies, would that regulation be permissible? I'm not sure exactly what that – I don't want to pass a regulation that I have not read or reviewed or does not exist, Your Honor. But what I can say is that no court has ever held that this particular regulation is not reasonable. I don't know why you're resisting it so much. I think it's pretty settled FOIA law that Exemption 3 has to be approved by the agency. That's pretty settled FOIA law. Yes, Your Honor. And maybe what we're having is a miscommunication here as to whether what the IRS did was make it some sort of Exemption 3 determination. I was giving you a hypothetical. Yes, but it's important for me to understand the hypothetical. The hypothetical is the regulation. When I said the FOIA requester must disprove the application of Exemption 3. That would not be – that's not the regulation that we have here. So I suspect that the answer might be, as Your Honor suggests, to that particular hypothetical. The regulation we have here doesn't say anything about that. Now, if this regulation – if you had a regulation that said that in tax cases they must disprove the application of 6103 as an Exemption 3 statute, that makes a difference? Well, I think – maybe I'm misunderstanding. I think the regulation here is quite reasonable and requires the agency – The question is if this regulation said, as part of your FOIA request, you must disprove the application of Exemption 3 – the application of 6103 as an Exemption 3 statute. You must disprove the applicability of 6103 as an Exemption 3 statute as part of your FOIA request. Well, I'm not sure that's what this regulation says. I'm just asking the question. So if, in general, in general, FOIA regulation statutes do not say that a particular agent – a particular requester must say that Exemption, say, 7 or Exemption 5 does not apply, but it is quite reasonable for an individual – excuse me, an agency to have a regulation that requires the individual to identify the records that it's trying to request, that allows the agency to search for them should it need to do so, and establishes that it is not just a person filing a request to file paper. And so I think that's all quite reasonable, which is exactly what IRS has here. It has a regulation that requires an individual to show its right to the relief. To show that Exemption 3 doesn't apply. So let me take a step back, Your Honor. I think the Learfield case is a good example, as is Hall and Aronson. That's why, though this is a very important question I think that you're asking, it's a little bit, as our brief pointed out, academic in this case, because there really is no dispute that K-3 is not satisfied. And so the individuals do not have a right to the information. So whether we call this exhaustion or whether we just make this a merits – How is there not a – what do you mean there's no dispute that K-3 is not satisfied? There's no joint committee authorization in this case. And so that's a condition – But they may not dispute the ordering here. We just haven't gotten to that. You didn't get to that in your determination letters. They haven't gotten – I think they very much do dispute where K-3 would apply here. It's just a question of ordering. Who goes to the – Well, I don't think they've ever argued that the joint committee has an authorization. Right. And so there really can't be any dispute that all the conditions in K-3 have been satisfied. I get that, but they say because you haven't processed it. That's why. Well, they've never provided any indication that the joint committee has provided an authorization. So if this Court is concerned about the exhaustion issue that you're talking about – So if they did come with a letter from the joint committee, what would happen then? So if the FOIA request was the exact same as it was here and attached was a copy of a letter from the joint committee, what would happen then? So in that circumstance, we'd have to focus on whether K-3 provided a right that could be triggered by private parties. That is, whether the Secretary could be forced to do something under K-3, which I think is what Judge Henderson was asking my colleague on the other side. We don't really have to focus on that question here. We don't have to decide that issue, and that's why Judge Boasberg didn't really address some of these very important but detailed questions. The easiest way to resolve this case is to say K-3 simply is not satisfied because there's no joint committee authorization, and so there's no entitlement to the records. And whether we do that as a matter of exhaustion, as our brief suggests, or whether we do it just as sort of a matter of law and the merits as this Court did in Learfield or as the Tenth Circuit did in Hull where it converted an exhaustion issue to a sort of merits issue is really an academic point, although an important academic point. Thank you. Does Mr. Davidson have any time left? All right, why don't you take a minute? Thank you, Your Honor. Just a few quick points. I think, Your Honor, Judge Millett, you are correct exactly that this regulation has the effect of shifting the burden to the FOIA requester of proving that there is no exemption that could possibly apply, and that is a per se unreasonable FOIA regulation of the type that is not permitted by this Court's precedents. The my counsel or my colleague on the other side has suggested that this is a reasonable regulation. Again, it is not a reasonable regulation because it is an unwarranted burden that provides for a requirement, a proof of consent, where in fact there is no requirement for consent in the K-3 provision. The terms right of access was discussed in the FOIA regulations. I just want to clarify that those terms don't mean that the requester has to demonstrate an absolute unqualified right of access to the records at the outset of the FOIA process. They simply mean that if the agency makes a disclosure, the requester is the type of party that can receive those records. It has a right to access them under 6103. I want to underscore here that even if there were some limit to the reach of FOIA to the K-3, the unique facts of this case, uniquely damaging the statements made by a person who occupies the highest office in the land would certainly qualify to place K-3 within the reach of FOIA. And finally, we argue vociferously that K-3 applies to the records at issue, and of course we've articulated in our brief why the Joint Committee Approval Clause is unconstitutional, but we have not reached yet that stage of the proceedings, so we ask the Court to remand so that the IRS can do what the FOIA requires. Thank you. Stand please.
judges: Henderson, Millett, Edwards